**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY DONNELL DUNLAP, | No. 20-15532 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00295-DJH-DMF |
| v. | |
| CORIZON HEALTH, INC., | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| CHARLES L. RYAN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Larry Donnell Dunlap, an Arizona state prisoner, appeals pro se from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for Corizon Health, Inc., on Dunlap's deliberate indifference claim because under any potentially applicable standard, Dunlap failed to raise a genuine dispute of material fact as to whether any policy or custom of Corizon caused him to suffer a constitutional injury. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under § 1983 only if the entity acted under color of state law and a constitutional violation was caused by the entity's official policy or custom); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court did not abuse its discretion by striking Dunlap's first amended complaint or by denying Dunlap's motions for subpoenas because Dunlap failed to comply with the local rules governing amended pleadings and issuance of subpoenas for pro se litigants. *See* D. Ariz. R. 15.1, G.O. 18-19; *Bias*

*v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and explaining that this court gives "[b]road deference" to a district court's interpretation of its local rules).

We reject as without merit Dunlap's contention that the district court violated his due process rights.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**